UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRACY JANOSKO, | : | |
| | : | |
| Plaintiff, | : | Civil No. 16-1137 (RBK/KMW) |
| | : | |
| v. | : | OPINION |
| | : | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY and MUTUAL OF OMAHA, | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United State District Judge:

This dispute over insurance benefits stems from a denial of benefits made by Defendants United of Omaha Life Insurance Company and Mutual of Omaha (collectively, "Defendants") following the death of Plaintiff Tracy Janosko ("Plaintiff")'s husband. This matter comes before the Court on Defendants' Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia[1] pursuant to 28 U.S.C. § 1404(a) ("Defendants' Motion" [Dkt. No. 6]). Plaintiff opposes the transfer. For the following reasons, Defendants' Motion is **GRANTED**.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff resides at 2843 Meadow Lane, Falls Church, Virginia 22042. (Compl. [Dkt. No. 1] ¶ 1.) Plaintiff was married to Andrew Janosko ("Decedent") until his death on June 23, 2014. (*Id*. ¶ 7.) Prior to his death, Decedent was employed by Packing Machinery Manufacturers

---

[1] The Court notes that Defendants moved for transfer to the Eastern District of Virginia, Alexandria Division. However, the Court in granting the motion for the reasons explained herein will transfer to the Eastern District of Virginia and let that District direct the case to the correct division under its local rules.

1

Institute ("PMMI"), located at 11911 Freedom Drive, Suite 600, Reston, Virginia 20190.  (*Id.* ¶ 8.)  Through his employment with PMMI, Decedent received coverage for accidental death and dismemberment insurance benefits through an insurance policy (the "Policy") PMMI obtained from Defendants.  (*Id.* ¶¶ 9–10.)  Plaintiff was named as the beneficiary under the terms of Decedent's Policy.  (*Id.* ¶ 11.)

On June 22, 2014, while in a rental home in Florida, Decedent fell down the stairs of the property, suffering fatal injuries.  (*Id.* ¶¶ 12–14.)  He was later pronounced dead at Bay Medical Center in Panama City, Florida on June 23, 2014.  (*Id.* ¶ 16.)  After Decedent's death, a claim for benefits under the Policy was submitted to Defendants.  (*Id.* ¶ 17.)  On October 14, 2014, Plaintiff received a letter from Defendants, in which Defendants denied the claim for benefits under the accidental death and dismemberment portion of the Policy.  (*Id.* ¶ 18.)  Defendants cited to a clause in the exclusion section of the Policy which denied benefits for any loss caused by the policy holder or which resulted of injuries sustained while intoxicated.  (*Id.* ¶ 19.)  The denial letter relied on toxicology reports, which Defendants claimed proved that Decedent was intoxicated at the time he received his injuries, and therefore, no benefits were to be paid.  (*Id.* ¶ 20.)

Plaintiff then brought suit under the Employee Retirement Income Security Act ("ERISA")[2] in this District on February 26, 2016.  (*See id.* ¶¶ 23–26.)  Plaintiff claims that Defendants failed to "establish and follow reasonable claims procedures in the denial of [Decedent]'s Accidental Death benefits."  (*Id.* ¶ 22.[3])

---

[2] Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29 U.S.C. § 1001, et seq.).

[3] Plaintiff further notes that she did not appeal Defendants' denial of the claim through Defendants' internal administrative process, claiming that any such attempt "would have been (continued)

## II. JURISDICTION

As stated in the Complaint, Plaintiff brings her suit under ERISA. Thus, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f).

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In contrast to transfer of venue under 28 U.S.C. § 1406, where the court finds the original venue improper, transfer of venue is done under § 1404(a) "for the convenience of the parties even if the court finds that the original venue is proper." *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 436 (D.N.J. 2015).

The decision whether to transfer an action pursuant to § 1404(a) is within the Court's discretion and is reviewed for abuse of discretion. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 872 (3d Cir. 2013) (citing *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43 (3d Cir. 1988)); *Santi v. Nat'l Bus. Records Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010). The party seeking transfer of venue bears the burden of establishing that transfer is warranted and must submit "sufficient information in the record" to facilitate the Court's analysis. *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 572 (D.N.J. 2000) (citations omitted). Before transferring venue, the Court must articulate specific reasons for its decision. *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 451 (D.N.J. 1999) (internal quotations omitted).

---

(continued)
futile." (Compl. ¶ 21.) This Court notes that Defendants have not raised any issue of failure to exhaust, but that there was no need to do so in a motion to transfer venue.

Under 28 U.S.C. § 1404(a), the court must take into account a wide range of public and private interests when determining if a transfer to a new venue is appropriate. The Third Circuit has identified the following private factors as being significant to the § 1404(a) analysis:

> [1] [P]laintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Among the public factors that courts consider are the following:

> [1] [T]he enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citations omitted).

The movant bears "the burden of establishing the need for transfer," and "the plaintiff's choice of venue should not be lightly disturbed." *Id.* at 879. "[U]nless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail." *Shutte v. Amco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotations omitted).

## IV. DISCUSSION

### A. Venue is Proper in Both the District of New Jersey and the Eastern District of Virginia

In relevant part, 29 U.S.C. § 1132(e)(2), the venue provision of ERISA, states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

The Court is satisfied that under this broad venue provision, venue is proper in this District, as Defendants "may be found" here, which Defendant do not dispute. (*See* Defs.' Mot. Br. [Dkt. No. 6-2] at 5.) The Court is further satisfied that under ERISA's venue statute, venue would also be proper in the Eastern District of Virginia, as Defendants "may be found" there as well. Plaintiffs do not dispute that venue would be proper in the Eastern District of Virginia, rather, they dispute that the weighing of the public and private factors justify the transfer. (*See generally* Pl.'s Opp. [Dkt. No. 7].)

Having satisfied itself that venue is proper in both districts, the Court proceeds to the analysis under 28 U.S.C. § 1404(a), weighing the private and public factors.

### B. The Private Factors Favor Transfer

The private factors weigh slightly in favor of transferring the case. First, the Court recognizes that a plaintiff's forum choice generally is entitled to deference. *See Jumara*, 55 F.3d at 880. However, when the central dispute in a lawsuit arose from events that occurred almost exclusively in another forum, as is the case here, courts give substantially less weight to the plaintiff's forum choice. *See Nat'l Prop. Inv'rs VIII v. Shell Oil Co.*, 917 F. Supp. 324, 327 (D.N.J. 1995) (citations omitted). Courts also give less weight to plaintiff's choice when they choose a foreign forum. *Wm. H. McGee & Co. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 290 (D.N.J. 1997) (holding that plaintiff's choice of forum is afforded less deference when it is a foreign forum, and has little connection with the operative facts of the lawsuit) (collecting cases). Here, the events giving rise to this suit occurred in Fairfax County, Virginia and Panama City,

5

Florida. (Compl. ¶¶ 8–20.) Plaintiff's case arises from injuries she sustained in Virginia allegedly because of Defendants' wrongful denial of insurance benefits. (Id. ¶ 26.) Lastly, Plaintiff resides in Virginia. (Id. ¶ 1.) Thus, although the Court considers Plaintiff's forum choice, it gives it substantially less deference than if the events had occurred within the District of New Jersey, or if this District was Plaintiff's home forum. Further, in consideration of the second factor, Defendant's preference, the forum Plaintiff chose is not unopposed. The Court finds that these factors weigh in favor of transfer.

The third factor, whether the claim arose elsewhere, weighs heavily in favor of transfer. As stated above, no part of Plaintiff's case occurred in New Jersey. Plaintiff lives in Virginia, Decedent worked in Virginia, the Policy was issued in Virginia, Decedent died in Florida, the claim for benefits was submitted in Nebraska, and the letter denying benefits was received in Virginia. (Id. ¶¶ 1–3, 7–22; *see also* Turco Decl. [Dkt. No. 6-1] Ex. 4.) There is not one central fact of the case that arose in New Jersey. The only connection to New Jersey that Plaintiff can point to is that Defendants can be found here. (Pl.'s Opp. at 4); *cf. Nat'l Prop. Inv'rs VIII*, 917 F. Supp. at 327 (holding that despite Defendant having some business in different states, that does not mean the operative facts occurred in those states) (collecting cases).[4] Therefore, the Court finds that the due to all central facts occurring in other fora, transfer would be appropriate.

The fourth, fifth, and sixth factors do not appear to weigh in favor of Defendant. The Court is hesitant to conclude that travel would be difficult for either party, either physically or

---

[4] Additionally, the only ties Plaintiff seems to have to New Jersey is that Plaintiff's counsel is located here. The Court notes that if New Jersey is only a convenient forum for counsel, that is not a factor this Court will consider. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be considered.")

financially. Defendant is a national company, based out of Nebraska, therefore logic dictates that they would be burdened in either district. While Plaintiff is just one individual, her decision to bring suit in New Jersey leads the Court to conclude that travel is not an issue. The fifth and sixth factors—the convenience of witnesses and the location of books and references respectively—also favor Plaintiff. As Plaintiff notes, Defendant has not provided any affidavits from any witnesses claiming that they would be inconvenienced by coming to this forum, and any books and records may be easily reproduced and transmitted. (Pl.'s Opp. at 6.) In fact, a copy of the Policy was attached as part of Defendant's motion. (Turco Decl. Ex. 1–2.) As such, the fifth and sixth factors favor Plaintiff. *See Gianakis v. Hilton Tucson El Conquistador Golf & Tennis Resort*, Civ. No. 12-4268 (SRC), WL 5250463, at *3 (D.N.J. Oct. 22, 2012) ("The Court does not consider either factor to be applicable in this case, where no party has represented that witnesses, books, or records could not be made available in either forum.").

### C. The Public Factors Favor Transfer

The Court finds that analysis of the public factors also weighs slightly in favor of transfer. Factors one, two, three, and five—enforceability of the judgment, practical considerations that could make trial easy, relative administrative difficulties, and the public policy of the fora, respectively—do not appear to weigh in favor of either party. The Court sees no reason why a judgment in this case would not be equally enforced in Virginia and New Jersey, and neither party disputes the issue. *See Shubert v. Marriott Int'l, Inc.*, Civ. No. 15-5111 (RBK), 2016 WL 245252, at *3 (D.N.J. Jan. 21, 2016) ("[N]either party disputes that a judgment would be equally enforceable in Texas and New Jersey, and therefore, this factor does not weigh heavily in favor of or against transferring the case."). With regard to the next factor, practical considerations that could make the trial easy, expeditious, or inexpensive, neither party has

raised this as an issue, nor does the Court see reason to disturb Plaintiff's choice based off of this factor. The Court hesitates to opine on the third factor, the relative administrative difficulties in the two fora resulting from court congestion, with no evidence as to the congestion in the Eastern District of Virginia. *See Girgis v. Hartford Life & Acc. Ins. Co.*, Civ. No. 10-5279 (DMC), 2011 WL 2115814, at *3 (D.N.J. May 25, 2011). Further, the Court recognizes that all Federal Courts are under similar burdens. *See id.; see also Textron Innovations, Inc. v. The Toro Co.*, No. 05-cv-486, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("The court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer."). Finally, the Court finds the fifth factor, the public policy of the fora, to weigh for neither side. Again, neither party disputes this issue.

The fourth factor, local interest, weighs in favor of transfer, but only slightly. Plaintiff argues that Defendant is a national insurance provider who does business in New Jersey, and therefore there is some interest for policy holders in the state. (Pl.'s Opp. at 6.) However, the Court finds a greater local interest in Virginia for this dispute. The policy was issued through a Virginia company, covers employees in Virginia, and Plaintiff received her denial letter in Virginia. (Compl. ¶¶ 9–10; Turco Decl. Ex. 7.) Because no acts related to the dispute arose in New Jersey, but did in Virginia, the Court finds that Virginia has a greater interest in adjudicating this dispute. *See McGee*, 6 F. Supp. 2d at 292 ("Louisiana, the location where at least some of the alleged acts occurred, would have a strong public interest in adjudicating this dispute.") (collecting cases). Further, the "burden of jury duty should not be placed on citizens with a remote connection to the lawsuit." *Nat'l Prop. Inv'rs VIII.*, 917 F. Supp. at 327 ("New Jersey jurors should not be burdened with adjudicating a matter . . . stemming from conduct

which is/was largely localized in Minnesota and Illinois") (citing *Ricoh,* 817 F. Supp. 473, 478 (D.N.J. 1993)).

The sixth factor, familiarity of the trial judge with applicable state law, also weighs in favor of transfer. Although this is a case arising under ERISA, a federal statute, the Policy explicitly states that it is subject to Virginia law. (Turco Decl. Ex. 1.) The Court finds that in a case that is subject to Virginia law, a presiding judge in the Eastern District of Virginia would be the most familiar with the applicable law. *See Rudolph v. HR Specialist, Inc.*, 37 F. Supp. 3d 740, 745 (D. Del. 2014) ("Hence, for those claims raised under Virginia law, the Eastern District of Virginia has a stronger interest in deciding the dispute, and the presiding judge will have more familiarity with the applicable law.").

Thus, with the balance of the public and private factors tipping in favor of transfer, the Court will exercise its discretion under 28 U.S.C. § 1404(a) to transfer this case to the Eastern District of Virginia.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion will be GRANTED. An appropriate order accompanies this opinion.

Date: July  25th , 2016

                                       s/ Robert B. Kugler
                                      ROBERT B. KUGLER, U.S.D.J.